J-S33012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD M. WOLANSKI | : | |
| | : | |
| Appellant | : | No. 1221 EDA 2022 |

Appeal from the Judgment of Sentence Entered December 16, 2021,
in the Court of Common Pleas of Bucks County,
Criminal Division at No(s):  CP-09-CR-0001077-2021.

BEFORE:  KUNSELMAN, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED NOVEMBER 29, 2022**

Richard M. Wolanski appeals from the judgment of sentence imposed after he pled guilty to aggravated assault by vehicle while driving under the influence, six counts of driving under the influence ("DUI"), and seven counts of recklessly endangering another person ("REAP").  Upon review, we affirm.

The trial court summarized the facts as follows:

On November 21, 2020, [Wolanski] was driving a blue Dodge Journey on Bristol Oxford Valley Road, a two-lane roadway with a travel lane in each direction, when he left his northbound lane of travel and encroached on the southbound lane.  Entering this opposite lane, [Wolanski] struck the driver's side of a Honda Odyssey traveling southbound, occupied by Katibe Marcas ("Marcas").  Marcas tried to evade [Wolanski], but despite her best efforts, his vehicle struck hers, damaging her vehicle.  No one was injured, but the three (3) small children in the vehicle were very shaken. After striking Marcas's vehicle, [Wolanski] continued driving the wrong direction in the southbound lane, striking a Toyota Corolla head-on.  The Toyota Corolla was totaled, and all three (3) occupants were trapped and severely injured.

Once they were freed, all three (3) passengers were transported to Jefferson Torresdale Hospital, 10800 Knights Road, Philadelphia, Pennsylvania for treatment. The driver, 20-year-old Bernice Zeferino ("Zeferino") sustained a broken wrist, dislocated elbow, and sprained ankle. She also needed treatment for anxiety after the crash. The front passenger, 17-year-old A.Z., sustained a rib contusion, bruising, and scratches. She was on bed rest for two weeks and needed treatment for anxiety in addition to her other injuries. The rear-seat passenger, 17-year-old S.M., sustained a lacerated spleen, lung contusions, a rib fracture, concussion, and a laceration on her forehead that required sutures. She had to remain home for three (3) weeks and could not participate in sports for three (3) months after the crash.

At the scene of the accident, Officer Kenneth Margerum ("Officer Margerum") of the Bristol Township Police Department made contact with [Wolanski], who was seated in the driver's seat of his vehicle. As soon as Officer Margerum approached [Wolanski], he immediately smelled the odor of alcohol emanating from [Wolanski's] person, and [Wolanski] volunteered that he was in trouble for Driving Under the Influence ("DUI"). [Wolanski] admitted he had consumed twelve (12) beers at his daughter's house in Bristol Township, Bucks County, Pennsylvania prior to driving. Officer Margerum observed [Wolanski] to have pinpoint pupils and to be heavily slurring his words. [Wolanski] was transported to St. Mary Medical Center for treatment, as he had been complaining of chest pain at the scene of the accident. [Wolanski] was not administered any field sobriety tests on scene. Regardless, Officer Margerum was able to form the opinion that [Wolanski] was under the influence of alcohol to a degree that rendered him incapable of driving based on [Wolanski's] admissions, his conversations with other officers and witnesses, as well his investigation on scene. At the hospital, officers obtained a search warrant for a sample of [Wolanski's] blood. The sample was sent to NMS for chemical testing and [Wolanski's] BAC was determined to be 0.249, with marijuana also present in his system.

Trial Court Opinion, 6/22/22, at 1-3 (citations and footnote omitted).

Wolanski was charged with multiple offenses.

On October 13, 2021, Wolanski entered an open guilty plea for aggravated assault by vehicle while DUI, DUI: general impairment, DUI: highest rate of alcohol, DUI: controlled substance — Schedule 1, DUI: controlled substance - metabolite, DUI: controlled substance — impaired ability, DUI: controlled substance — combination alcohol/drugs, and seven counts of REAP.[1] Subsequently, on December 16, 2021, the trial court sentenced Wolanski to 5 to 10 years' incarceration for aggravated assault while DUI and a concurrent term of 72 hours to six months' incarceration for DUI. The court imposed no additional sentence for the REAP convictions. Wolanski was also ordered to pay restitution in the amount of $83,598.56. Wolanski filed a post-sentence motion which the court denied.

Wolanski filed this timely appeal. Wolanski and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Wolanski raises a single issue for our review:

A. Did the trial court abuse its discretion in sentencing [Wolanski] by imposing a manifestly excessive sentence?

Wolanski's Brief at 6.

Wolanski challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). This Court has explained that, to reach the merits of

---

[1] 75 Pa.C.S.A. §§ 3735.1(a), 3802(a)(1), 3802(c), 3802(d)(1)(i), 3802(d)(1)(iii), 3802(d)(2), 3802(d)(3), and 18 Pa.C.S.A. § 2705.

a discretionary sentencing issue, we must conduct a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]pellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Colon*, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (quoting *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013)).

Wolanski has satisfied the first three requirements under *Colon*. Accordingly, we must determine whether he has raised a substantial question.

In his 2119(f) statement, Wolanski first claims that his sentence was manifestly excessive because it constituted too severe a punishment. He further claims that the trial court relied on impermissible factors in rendering his sentence. Wolanski's Brief at 9. We have held that both of these issues raise a substantial question. *See Commonwealth v. Kelly*, 33 A.3d 638 (Pa. Super. 2011) (citing *Commonwealth v. Mouzon*, 812 A.2d 617, 624 (Pa. 2002)) ("A claim that a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question."); *Commonwealth v. Banks*, 198 A.3d 391, 401 (Pa. Super. 2018) (quoting *Commonwealth v. Bromley*, 862 A.2d 598, 605 (Pa. Super. 2004)) ("It is well settled that 'a claim that the sentencing court relied

on impermissible factors in sentencing raises a substantial question.'"). We therefore will review Wolanski's sentencing claims.

Our standard of review of a sentencing claim is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006).

Additionally, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." ***Commonwealth v. Hill***, 210 A.3d 1104, 1117 (Pa. Super. 2019) (internal quotations and citation omitted). As such, we must affirm unless "application of the guidelines would be clearly unreasonable." 42 Pa.C.S.A. § 9781(c)(2).

Wolanski first claims that the trial court abused its discretion and imposed a manifestly excessive sentence by failing to consider relevant mitigating factors including his history and character or his rehabilitative needs. In particular, he argues that the sentencing guidelines included convictions in his prior record score which occurred 26 years ago or more. The most damning of these occurred even longer ago: a burglary in 1975 (47 years ago); and a robbery in 1983 (29 years ago). Additionally, Wolanski argues that he had been sober for 9 years leading up to this incident. That

night he relapsed due to family problems and not taking his mental health medications. Nonetheless, he sincerely accepted responsibility for his actions. Wolanski further notes that, since being incarcerated, he has been a model prisoner and works two jobs. Given these factors, Wolanski maintains that the trial court should have imposed a lesser sentence than recommended under the Sentencing Guidelines but instead blindly followed them and imposed a standard range sentence. Wolanski's Brief at 14, 15.

Under the Sentencing Guidelines, Wolanski was RFEL (repeat felony in terms of prior record score); the Offense Gravity Score for his aggravated assault while DUI conviction was 9. A standard range, minimum sentence was 60 to 72 months, which the trial court imposed at the lower end. As such, we presume it is appropriate. However, Wolanski argues that application of the guidelines was unreasonable because the guidelines do not consider the age of his convictions and the trial court failed to consider this as well as other mitigating factors.

Our statute and regulations do not take into consideration the age of the prior offenses used to calculate the prior record score. *See* 42 Pa.C.S.A. § 9721(b) and 204 Pa.Code § 303.1, *et seq.* However, in deciding what sentence to impose and whether a lesser sentence is warranted, a court may consider the age of a defendant's convictions and deviate from the guidelines if warranted.

Here, our review of the record shows that the trial court considered multiple factors in rendering Wolanski's sentence. The court heard from

Wolanski about his period of sobriety and his good behavior in prison. **See**

N.T., 12/16/21, at 24-27. And, recognizing Wolanski's problems with alcohol,

the court agreed to recommend that his sentence be served in a therapeutic

community. N.T., 12/16/22, at 47.

As to the age of his convictions, the court considered and reconsidered

their age and their impact on his sentence. At Wolanski's sentencing, the

court stated:

> There are many factors that come into play in imposing this sentence, beginning with those areas which I am statutorily required to consider. Obviously things like the impact on the victims, the impact on the community, the likelihood of rehabilitation, and of course the sentencing guidelines, which the standard range suggests a minimum sentence of five years for the first count, and of course a year for each of the [REAPs].
>
> I take into consideration this 15, 16-year stretch where you matured to some extent.
>
> ***
>
> 26 years. Thank you. The 26 years where you were, well, out of trouble. I was about to say that you were a law-abiding citizen, but you've acknowledged sitting around smoking marijuana for most of those years. You didn't get caught, you didn't commit major crimes. And certainly that works toward mitigating the sentence.

N.T., 12/16/21, at 44.

Again, during its reconsideration of Wolanski's sentence, the trial court

noted:

> While the guidelines do not specifically take into consideration the length of time between convictions, I do consider that when I review people. I do take it into consideration if there has been a

significant gap in time from what you might call youthful
indiscretions that led to periods of incarceration in state prison,
and then 25 years, or whatever, with a clean record. But that
record is there for a reason, and that record is because the
community has required that those stay with you.

N.T., 4/7/22, at 16. Regarding the seven REAPs, the court chose not to

impose additional sentences given the age of Wolanski's prior convictions.

N.T., 12/16/21, at 46; Trial Court Opinion, 6/21/22/, at 6.

Ultimately however, the trial court could not justify a downward

deviation from the guidelines as to the aggravated assault given all the

circumstances of this case. N.T., 12/16/21, at 46; N.T., 4/7/22, at 16. It

noted that Wolanski had damaged the victims financially, emotionally, and

physically and that they likely would continue to suffer for years to come.

N.T., 12/16/21, at 45. It explained:

> When crafting [Wolanski's] sentence, this [c]ourt considered the
> harm caused to the community, the impact on the specific
> individuals hurt in the accident, and [Wolanski's] conduct that
> day. This [c]ourt was particularly troubled by [Wolanski's]
> decision to drive after consuming twelve (12) beers despite family
> members attempting to stop him. [Wolanski] did not choose to
> drive because there was no other perceived option, but rather in
> his own words, [Wolanski] drove because he was "thick-headed
> that night." Zeferino, A.Z., and S.M. will carry their injuries with
> them for the rest of their lives, and [Wolanski] attributes their
> suffering to his stubbornness.
>
> ***
>
> The gravity of this offense was such that it necessitated a sentence
> within the guidelines for an individual with [Wolanski's] Prior
> Record Score.

Trial Court Opinion, 6/21/22, at 6 (citation omitted). Wolanski's first claim merits no relief.

Wolanski next claims that the trial court relied on impermissible factors. Specifically, he argues that the court assumed he would never be able to pay the $85,000 in restitution. Wolanski's Brief at 15. Wolanski maintains that the court's consideration of this baseless assumption resulted in a manifestly excessive sentence constituting an abuse of discretion. *Id.* at 15.

Before considering the merits of this claim, we observe that Wolanski did not raise this specific issue with the trial court. No objection was made at the time of sentencing. And, although Wolanski baldly asserted that the trial court relied on impermissible factors in his post-sentence motion, he never specified what factors. Wolanski also did not address this issue during argument at reconsideration of his sentence. Wolanski then set forth this issue in his 1925(b) statement, but again did not specify what factors the trial court improperly relied on. Although the trial court explained its rationale for Wolanski's sentence, it was unable to address its comment about Wolanski's ability to pay the restitution because this specific issue was not raised below. Having failed to raise this specific issue before the trial court, Wolanski has waived it for appellate review. Pa.R.A.P. 302(a) (issues not raised in the trial court are waived on appeal). We therefore do not address the merits. Wolanski is entitled to no relief under his second claim.

Based upon our review, we conclude that the trial court did not abuse its discretion. The trial court considered all the relevant sentencing factors,

including mitigating ones, and weighed them accordingly. As an appellate court, we may not reweigh sentencing factors and substitute our own judgment of the appropriate sentence. ***See Commonwealth v. Walls***, 926 A.2d 957 (Pa. 2007).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/29/2022